NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SENTILIANO CANKO,<br><br>                                      Plaintiff,<br>v.<br><br>PRECISION CUSTOM COATINGS, LLC,<br><br>                                     Defendant. | Civil Action No. 15-8367 (CCC)<br><br><br>**OPINION** |

**FALK, U.S.M.J.**

This matter comes before the Court upon Plaintiff's motion for leave to amend his Complaint. (CM/ECF No. 61.) The motion is opposed. The motion is decided on the papers. Fed.R.Civ.P. 78(b). For the reasons set forth below, the motion is **granted in part, and denied in part without prejudice.**

### BACKGROUND

This is a personal injury case. Defendant Precision Custom Coatings, LLC ("Precision") is an industrial production facility. Plaintiff Sentiliano Canko ("Plaintiff") was an employee of Precision and was assigned to operate a Bematic card machine ("machine") designed and manufactured by Defendant Bettarini & Serafini S.r.l. ("B&S"). The machine, which takes raw polyester material and transforms it

into sheets, contains large rollers covered by sharp wire. According to Plaintiff, Precision altered the machine's perimeter doors which permitted the machine to operate while the doors were open. Plaintiff claims that Precision instructed him to clean the rollers while the machine was in full operation resulting in the loss of Plaintiff's fingers on his dominant hand. Plaintiff filed a Complaint against Precision, B&S, and Zimmer America Corporation ("Zimmer"), the distributor which sold the machine to Precision, asserting *inter alia*, claims for negligence, violations of the New Jersey Products Liability Act, N.J.S.A. 2A:58C-1, *et seq.*, and breach of warranty.[1]

Following the opening of discovery, an amended scheduling order drafted by the parties and entered on February 6, 2018 ("February 6th Order"), provided that "Precision . . . shall not spoliate or discard any software data and/or hardware utilized in connection with the [machine.]" (CM/ECF No. 53.) Another amended scheduling order drafted by the parties and entered on October 4, 2018 ("October 4th Order"), provided that B&S "shall produce the machine schematics and design plans for the machine in question including all plans regarding the perimeter doors by November 30, 2018." (CM/ECF No. 56.)

Plaintiff filed the instant motion seeking leave to amend the Complaint to assert claims of fraudulent concealment against Precision and B&S. Plaintiff's proposed claim against Precision is based on the alleged spoliation of the machine. Specifically,

---

[1] Initially, Plaintiff commenced this action against Precision only. On October 12, 2016, Precision filed a Third-party Complaint against B&S and Zimmer. Plaintiff amended his Complaint on September 13, 2017, naming B&S and Zimmer as direct defendants.

Plaintiff contends that his Counsel learned for the first time during a January 2019 telephone conference that Precision had sold the machine, that he had never been advised by Precision that the machine would be sold, and that the sale was in violation of the February 6th Order. Although having previously inspected the machine, Plaintiff also contends that his expert still needs to test and inspect the machine while it is in full operation. Precision denies Plaintiff's assertions and specifically states that it notified Plaintiff before selling the machine.

With respect to his proposed claim of fraudulent concealment against B&S, Plaintiff claims that B&S failed to produce the schematics and design plans for the machine, including all plans regarding the perimeter doors, as requested in discovery and in violation of the October 4th Order compelling it to do so.

## **DISCUSSION**

Motions to amend pleadings are governed by Federal Rule of Civil Procedure 15(a). Once a responsive pleading has been filed, "a party may amend its pleadings only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Leave to amend is generally granted unless there is: (1) undue delay or prejudice; (2) bad faith; (3) dilatory motive; (4) failure to cure deficiencies through previous amendment; or (5) futility. The ultimate decision to grant or deny leave to amend is a matter committed to the Court's sound discretion. See, e.g., Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 330 (1970).

The futility analysis on a motion to amend is essentially the same as a Rule

12(b)(6) motion. See In re NAHC, Inc. Sec. Litig., 306 F.3d 1314, 1332 (3d Cir. 2002) ("An amendment would be futile when 'the complaint, as amended, would fail to state a claim upon which relief could be granted.'"). For a complaint to survive dismissal, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, (2007)). Given the liberal standard for the amendment of pleadings, "courts place a heavy burden on opponents who wish to declare a proposed amendment futile." See Pharmaceutical Sales and Consulting Corp. v. J.W.S. Delavau Co., Inc., 106 F. Supp. 2d 761, 764 (D.N.J. 2000) (citations omitted). Thus, "[i]f a proposed amendment is not clearly futile, then denial of leave to amend is improper." Harrison Beverage Co. v. Dribeck Importers, Inc., 133 F.R.D. 463, 468 (D.N.J.1990) (emphasis added); see also 6 Wright, Miller & Kane Federal Practice and Procedure, § 1487 (2d ed. 1990).

For the reasons stated below, Plaintiff's motion for leave to amend to assert a claim of fraudulent concealment against Precision is **granted**. The motion is **denied without prejudice** as it relates to asserting a fraudulent concealment claim against B&S.

Turning to the proposed claim against Precision, the issue before the Court is whether Plaintiff unduly delayed in seeking leave to amend and whether the proposed claim is futile. Plaintiff did not unduly delay in seeking leave to add a claim of fraudulent concealment against Precision. Plaintiff claims he only learned for the first

time in early 2019 that Precision had sold the machine. Plaintiff's Counsel contends that he had no knowledge of the sale of the machine prior to then and requested leave to amend immediately upon learning of the sale. Having had no prior knowledge of the sale, Plaintiff could not have moved sooner to amend. Importantly, Precision has not demonstrated any actual prejudice by the timing of Plaintiff's motion. Additional discovery, if any, necessitated by the amendment can be completed quickly.

Plaintiff's proposed claim for fraudulent concealment against Precision is not so "clearly futile" so as to deny the motion to amend. Harrison Beverage, 133 F.R.D. at 468. Plaintiff alleges in his proposed pleading basic facts that satisfy the elements of a claim for fraudulent concealment. See Rosenblit v. Zimmerman, 166 N.J. 391, 406-07 (2001) (stating elements of a claim for fraudulent concealment). Plaintiff pleads specific conduct relative to Precision's failure to satisfy his legal obligation to preserve the evidence and in particular asserts that the machine was sold in violation of Court Order. For example, Plaintiff alleges that on February 6, 2014, at the outset of this litigation, he sent Precision a litigation hold letter demanding that it preserve the machine. Precision sold the machine despite having been served with the letter. Plaintiff also alleges that Precision sold the machine notwithstanding the Court's February 6th Order prohibiting Precision from "spoliating or discarding" it. Finally, Plaintiff alleges that Precision intentionally sold the machine without any prior notice to Plaintiff thereby damaging Plaintiff's case.

In its opposition, Precision maintains that it notified Plaintiff that it intended to

sell the machine and argues that Plaintiff's claim is therefore futile. The Court is aware of Precision's contention and makes no finding as to the likelihood of Plaintiff's success on the fraudulent concealment claim. However, Precision's assertion of providing notice does not make Plaintiff's claim futile. Futility in this context means that even if all of Plaintiff's allegations are accepted as true, they would not state a claim. Here, there is a direct factual dispute which cannot be decided on a motion. The Court finds that Plaintiff has sufficiently alleged a claim for fraudulent concealment to satisfy the plausibility threshold addressed in Ashcroft and Twombly.

The motion relating to B&S is really a discovery dispute and not a fraudulent concealment issue. Plaintiff requested in discovery that B&S produce the original schematics and blueprints of the machine as shipped and installed by B&S. B&S explained that certain design drawings have been updated since the machine was first installed more than eight years ago and represents that it has produced all responsive documents in its possession in compliance with the October 4th Order. Plaintiff's proposed fraudulent concealment claim alleges no facts to support its contention that B&S intentionally withheld, altered or destroyed the machine schematics and design plans in question. Plaintiff's allegations of intentional, wrongful conduct are bare conclusions with no factual foundation whatsoever. The Court finds that, based on the record before the Court, Plaintiff has failed to state a claim of fraudulent concealment against B&S. In the event Plaintiff discovers facts to support the allegation that B&S intentionally withheld, altered or destroyed the evidence with the purpose to disrupt

the litigation, Plaintiff may seek the Court's intervention at that time.

## **CONCLUSION**

Based on the above, Plaintiff's motion for leave to amend is **granted in part, and denied in part without prejudice**. Plaintiff's request for leave to amend to assert a claim of fraudulent concealment against Precision is granted. Plaintiff's request to assert a claim of fraudulent concealment against B&S is denied without prejudice.

                                                 s/Mark Falk
                                                 **MARK FALK**

**Dated: September 12, 2019**　　　　　　　　　　**United States Magistrate Judge**